## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

ROBERT TALLEY                                              CIVIL ACTION

VERSUS

MASTEC, INC., ET AL                                        NO. 23-202-BAJ-EWD


### NOTICE AND ORDER

This is a civil action involving claims of property damage, filed by Plaintiff Robert Talley.[1] On February 7, 2023, Plaintiff filed his Petition to Enforce Transaction and Compromise ("Petition") against Mastec, Inc., and Mastec's project manager, Rene P. Boudreaux, III, ("Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] The Petition alleges that Mastec had a contract with AT&T Corporation to install fiber optic cables. Mastec's subcontractor "illegally entered upon Plaintiff's property without authority and caused substantial damage," in the process of installing cables.[3] The Petition further alleges that after Plaintiff met with AT&T and Boudreaux regarding responsibility for the damages, Boudreaux stated that he and Mastec would compensate Plaintiff, and Boudreaux ultimately executed a written transaction and compromise agreement to compensate Plaintiff. Plaintiff provided evidence of $158,039.57 in damages to Defendants; however, Defendants failed to compensate Plaintiff as agreed.[4] In connection with these claims, Plaintiff seeks to enforce the agreement pursuant to state law for his documented damages, as well as for attorney's fees as provided in the agreement.[5] On March 15, 2023, Defendants removed the matter to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332.[6]

---

[1] R. Doc. 1-1.
[2] R. Doc. 1-1, p. 1, ¶ 1.
[3] R. Doc. 1-1, p. 1, ¶¶ 3, 5, and *see* p. 4.
[4] R. Doc. 1-1, p. 2, ¶¶ 7-9, and p. 4.
[5] R. Doc. 1-1, p. 3, ¶ 10, prayer for damages and p. 4. Plaintiff also purports to seek relief under La. R.S. 22:1892 and La. R.S. 22:1973, which authorize penalties in insurance coverage disputes.
[6] R. Doc. 1, ¶¶ 1, 3.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Petition alleges that Plaintiff is a Louisiana citizen, and the Notice of Removal adequately alleges that Mastec is a Florida corporation, with its principal place of business in Florida.[7] Therefore, these parties are diverse.  The Petition demands damages of $158,039.57 and attorney's fees.[8]  Therefore, the amount in controversy requirement appears to be met.[9]

*Joinder of Boudreaux*

The Petition and Notice of Removal both affirmatively allege that Boudreaux is a Louisiana citizen.[10]  However, Mastec asserts: "The citizenship of Rene P. Boudreaux should be disregarded as Plaintiff has no cause of action against a corporate representative acting in the course of his employment for the company."[11]  In support of this contention, Mastec argues that the Petition alleges that the agreement signed by Boudreaux bound Mastec, not Boudreaux individually.[12] Mastec thus argues that Plaintiff's exclusive remedy under state law is against Mastec, and, because Plaintiff does not have a valid cause of action against Boudreaux, Boudreaux's citizenship should be disregarded.[13]

Plaintiff's Petition alleges that Boudreaux was Mastec's project manager with the responsibility to directly supervise the installation of the cable "so that the rights of all private property owners were respected;" that Boudreaux met with Plaintiff and "expressly stated that **he**

---

[7] R. Doc. 1, ¶¶ 14-15 and *see* R. Doc. 1-1, introductory paragraph.
[8] R. Doc. 1-1, ¶¶ 9-10, prayer for damages.
[9] *See* 28 U.S.C. § 1332(a).
[10] R. Doc. 1-1, ¶ 1(2) and R. Doc. 1, ¶ 16.
[11] R. Doc. 1, ¶ 18.
[12] R. Doc. 1, ¶ 19, citing R. Doc. 1-1, ¶ 8.
[13] R. Doc. 1, ¶ 20.

**and Mastec, Inc.** would pay all of Plaintiff's damages;" and that "Defendants" have refused to pay Plaintiff under the agreement.[14]

As Plaintiff currently asserts a claim against a non-diverse party, Plaintiff will be required to file either a motion to remand, if Plaintiff believes he has a reasonable likelihood of recovery against Boudreaux,[15] or an amended complaint deleting all claims against Boudreaux if Plaintiff agrees that Boudreaux is improperly joined.

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the proper parties are completely diverse.[16]

Accordingly,

**IT IS ORDERED** that **on or before April 12, 2023**, Plaintiff Robert Talley shall address the citizenship issue discussed in this Order regarding Rene P. Boudreaux, III by filing either: (1) a motion to remand, if Plaintiff believes that he has a reasonable likelihood of recovery against Rene P. Boudreaux, III or (2) a motion for leave to file an Amended Complaint, which contains all of Plaintiff's allegations, as revised, supplemented, and/or amended, and that deletes all claims against Rene P. Boudreaux, III.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 17, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] R. Doc. 1-1, ¶¶ 4, 7, 9 (emphasis added). As Mastec notes, the Petition also states that the agreement provides that Mastec would pay Plaintiff's damages. R. Doc. 1, p. 4, ¶ 19 and n. 10 and *see* R. Doc. 1-1, p. 2, ¶ 8 and R. Doc. 1-1, p. 4.

[15] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) ("To establish that a non-diverse defendant has been [improperly] joined to defeat diversity jurisdiction, the removing party must prove ... that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [in-state] defendant."). *See also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant.").

[16] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").