## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT TALLEY** | **CIVIL ACTION NO.** |
| **VERSUS** | **23-202-BAJ-EWD** |
| **MASTEC, INC., ET AL.** | **LEAD CASE** |

*CONSOLIDATED WITH*

| | |
|---|---|
| **ROBERT TALLEY** | **CIVIL ACTION NO.** |
| **VERSUS** | **23-284-BAJ-EWD** |
| **AG QUALITY CONSTRUCTION, LLC, ET AL.** | **MEMBER CASE** |

### <u>NOTICE AND ORDER</u>

### *File In Both Cases*

These consolidated civil actions involving claims of property damage were filed by Plaintiff Robert Talley.[1] On February 7, 2023, Plaintiff filed his Petition to Enforce Transaction and Compromise ("MasTec Petition") against "**MasTec, Inc**.," and MasTec's project manager, Rene P. Boudreaux, III, ("MasTec Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2]  The Petition alleges that MasTec, Inc. had a contract with AT&T Corporation to install fiber optic cables, and that MasTec Inc.'s subcontractor "illegally entered upon Plaintiff's property without authority and caused substantial damage," in the process of installing cables.[3] The MasTec Petition further alleges that after Plaintiff met with AT&T and Boudreaux regarding responsibility for the damages, Boudreaux stated that he and MasTec, Inc. would compensate Plaintiff, and Boudreaux ultimately executed a written transaction and compromise agreement to compensate Plaintiff.  Plaintiff provided evidence of $158,039.57 in damages to the MasTec Defendants; however, the MasTec Defendants failed to compensate

---

[1] No. 23-202, R. Doc. 1-1, and *see* order of consolidation at R. Doc. 8.
[2] No. 23-202, R. Doc. 1-1, p. 1, ¶ 1.
[3] No. 23-202, R. Doc. 1-1, p. 1, ¶¶ 3, 5, and *see* p. 4.

Plaintiff as agreed.[4]  Plaintiff seeks to enforce the agreement under Louisiana law for his documented damages, as well as attorney's fees as provided in the agreement.[5]  On March 15, 2023, "**MasTec Network Solutions, LLC**" ("MNS") and Boudreaux removed the matter to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332.[6]

On the same date he filed the MasTec Petition, Plaintiff filed another Petition ("Mesa Petition") in the Nineteenth Judicial District Court against AT&T's alleged subcontractor, AG Quality Construction, LLC; AT&T's "direct Project Manager," Kevin Milton; and AG Quality's alleged liability insurer, Mesa Underwriters Specialty Insurance Co.[7]  The Mesa Petition alleges that AG Quality's employees also trespassed on Plaintiff's property and caused damage through the installation of the fiber optic cables, and that Plaintiff met with Milton regarding the property damage and Milton negligently failed to supervise AG Quality's work.[8] Plaintiff further contends that Mesa was aware of Plaintiff's damages and has refused to compensate Plaintiff.[9]  Plaintiff seeks damages under the Louisiana Insurance Code, including statutory penalties and attorneys' fees.[10] On April 14, 2023, Mesa removed the matter to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332.[11]

*Citizenship of Named Defendant "MasTec, Inc."*

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the cases were properly removed to this Court.

---

[4] No. 23-202, R. Doc. 1-1, p. 2, ¶¶ 7-9, and p. 4.
[5] No. 23-202, R. Doc. 1-1, p. 3, ¶ 10, prayer for damages and p. 4.  Plaintiff also purports to seek relief under La. R.S. 22:1892 and La. R.S. 22:1973, which authorize penalties in insurance coverage disputes.
[6] No. 23-202, R. Doc. 1, ¶¶ 1, 3.
[7] No. 23-284, R. Doc. 1-2, ¶¶ 3-4, 9.
[8] No. 23-284, R. Doc. 1-2, ¶¶ 5, 7-8.
[9] No. 23-284, R. Doc. 1-2, ¶¶ 9-10.
[10] No. 23-284, R. Doc. 1-2, ¶¶ 11-12.
[11] No. 23-284, R. Doc. 1, ¶¶ 8-9.

The MasTec Petition demands damages of $158,039.57 and attorney's fees.[12] The Mesa Notice of Removal and an accompanying declaration state that Mesa received a pre-removal damage repair estate for $158,039.57 from Plaintiff.[13] While the amount Plaintiff claims for property damage is the same in both cases, that amount is more than double the jurisdictional threshold, and Plaintiff also seeks additional items of damages in each case, including statutory penalties and attorney's fees pursuant to La. R.S. 22:1892 and La. R.S. 22:1973 (and Plaintiff's written agreement with the MasTec Defendants);[14] therefore, the amount in controversy requirement appears to be met.[15]

Turning to the citizenship of the parties, both Petitions and Notices of Removal properly allege that Plaintiff is a Louisiana citizen.[16] The Mesa Notice of Removal properly alleges that Mesa is incorporated, and has its principal place of business, in New Jersey and that AG Quality is a limited liability company with one member, Adson Ribeiro, who is a Mississippi domiciliary; therefore, these parties are diverse.[17]

The MNS Notice of Removal alleges that MNS is a Florida corporation with its principal place of business in Florida, which is an inadequate citizenship allegation for a limited liability company.[18] Additionally, MNS is not currently a named defendant in this suit, and neither the

---

[12] No. 23-202, R. Doc. 1-1, ¶¶ 9-10, prayer for damages.

[13] R. Doc. 23-284, R. Doc. 1, ¶ 2, and declaration at R. Doc. 1-4, ¶ 7.

[14] R. Doc. 23-202, R. Doc. 1-1, ¶¶ 8, 10, and prayer for damages; R. Doc. 23-284, R. Doc. 1-2, ¶¶ 10-12, and prayer for damages. The alleged written agreement between Plaintiff and the MasTec Defendants also provides that the MasTec Defendants will pay attorney's fees (and penalties). No. 23-202, R. Doc. 1-1, p. 4.

[15] *See* 28 U.S.C. § 1332(a).

[16] No. 23-202, R. Doc. 1-1, introductory paragraph, and R. Doc. 1, ¶ 14; No. 23-284, R. Doc. 1-2, introductory paragraph and R. Doc. 1, ¶ 10.

[17] No. 23-284, R. Doc. 1, ¶¶ 13-14 and *see* declaration attesting that AG Quality has one member, Ribeiro, domiciled in Mississippi at R. Doc. 1-3. Milton's citizenship is discussed *below*.

[18] Unlike a corporation, the citizenship of a limited liability company is determined by that of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Each member of the LLC must be specifically identified, and citizenship alleged as to each. *Nunez v. ACE Am. Ins. Co.*, No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018).

Notice of Removal nor the Complaint adequately allege the citizenship of the named defendant, MasTec, Inc.[19]

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending."[20]  In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court.  A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings."[21]  However, some courts in this Circuit have distinguished situations in which a removing party is misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case."[22]

To the extent MasTec, Inc. (*i.e.*, the currently named defendant) is also diverse from Plaintiff, the question of which party is the proper defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of MNS for MasTec, Inc.– to the extent such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).[23]  As MasTec, Inc. was named as a

[19] No. 23-202, R. Doc. 1, ¶¶ 14-15 and *see* R. Doc. 1, introductory paragraph, identifying Mastec Network Solutions, LLC in the Notice of Removal as "Mastec."  Boudreaux's citizenship is discussed *below.*

[20] Emphasis added.

[21] *De Jongh v. State Farm Lloyds*, 555 Fed.Appx. 435, 437 (5th Cir. 2014) (citations omitted).

[22] *See e.g.*, *Lefort v. Entergy Corp.*, No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

[23] The *De Jongh* court separated the procedural question of whether the removing entity had authority to remove from whether the court had subject matter jurisdiction.  *De Jongh*, 555 Fed.Appx. at 438, 439 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties to this action – Jongh, Lloyds, and Johnson – are Texas residents.") and n. 5 ("State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal.  We disagree.  State Farm's removal of this case did not transform it into a party to the case.  Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction.").  Although the Fifth Circuit

defendant in this action, MNS must allege the citizenship of MasTec, Inc. so that this Court can determine whether subject matter jurisdiction existed at the time of removal pursuant to 28 U.S.C. § 1332. Accordingly, MNS will be ordered to file a motion for leave to file an amended Notice of Removal, which adequately alleges the citizenship of the currently named defendant MasTec, Inc. In the alternative, if Plaintiff agrees that MNS is the correct defendant, Plaintiff shall file a motion for leave to amend his Complaint to substitute MNS for MasTec, Inc. as the correct defendant in this matter.

*Joinder of Boudreaux and Milton*

The MasTec Petition and Notice of Removal both affirmatively allege that Boudreaux is a Louisiana citizen.[24] However, MNS asserts: "The citizenship of Rene P. Boudreaux should be disregarded as Plaintiff has no cause of action against a corporate representative acting in the course of his employment for the company."[25] In support of this contention, MNS argues that the Petition alleges that the agreement signed by Boudreaux bound MasTec, not Boudreaux personally,[26] such that Plaintiff's exclusive remedy under state law is against the entity. According

---

has not directly ruled on the question of whether removal by a non-party is a procedural defect that can be waived, it has indicated that such a position is "plausible." *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 2009 WL 1370914, 328 Fed. Appx. 946, 948 & n. 1 (5th Cir. May 18, 2009) (*per curiam*) (noting that "[i]n this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the 30-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction."). At least one district court in this Circuit disagrees that *De Jongh* allows a distinction between the question of subject matter jurisdiction and authority to remove. *See Griffin v. Walmart, Inc.*, No. 18-430, 2018 WL 2389750, at **3-4 (N.D. Tex. May 25, 2018) (relying on *De Jongh*'s "broad language" that a non-party lacks authority to institute removal proceedings and disagreeing that *De Jongh* "addresses the specific circumstance of a court unilaterally allowing the substitution of a diverse defendant in place of a non-diverse one.") (quoting *Richard v. USAA Cas. Ins. Co.*, No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017)). The *Griffin* court went on to hold that "under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity." *Id.* at *4. Significantly, the Motion to Remand in *Griffin* (which was filed within 30 days after the filing of the notice of removal) was premised on the argument that a non-party had improperly removed the action. While 28 U.S.C. § 1441(a) permits removal only by "the defendant or the defendants," the undersigned considers removal by a non-party to be a waivable procedural defect. Here, Plaintiff has not filed a motion to remand and the defect has not been timely raised. 28 U.S.C. § 1447(c). Therefore, this Order is only concerned with the non-waivable issue of whether subject matter jurisdiction exists.

[24] No. 23-202, R. Doc. 1-1, ¶ 1(2) and R. Doc. 1, ¶ 16.
[25] No. 23-202, R. Doc. 1, ¶ 18.
[26] No. 23-202, R. Doc. 1, ¶ 19, citing No. 23-202, R. Doc. 1-1, ¶ 8.

to MNS, because Plaintiff does not have a valid cause of action against Boudreaux, Boudreaux's citizenship should be disregarded.[27]

Plaintiff's MasTec Petition alleges that Boudreaux was MasTec's project manager with the responsibility to directly supervise the installation of the cable so that the rights of all private property owners were respected; that Boudreaux met with Plaintiff and "expressly stated that **he and MasTec, Inc.** would pay all of Plaintiff's damages;" and that "Defendants" have refused to pay Plaintiff under the agreement.[28]

Similarly, the Mesa Petition and Notice of Removal both affirmatively allege that Milton is a Louisiana citizen.[29] However, Mesa asserts: "…upon information and belief, Milton was improperly joined as a party defendant. As such, the citizenship of Milton should be disregarded because Plaintiff has no cause of action against a corporate representative acting in the course of his employment for the company."[30] Plaintiff's Mesa Petition alleges that Milton was AT&T's direct Project Manager with the responsibility and obligation to directly supervise the installation of the fiber optic cable so that the rights of all private property owners were respected; that Milton met with Plaintiff to discuss responsibility for Plaintiff's damages, and Milton acknowledged that he was aware of damage caused by AG Quality to Plaintiff's neighbor's property; and that Milton was negligent in failing to properly supervise AG Quality.[31]

As Plaintiff currently asserts claims against a non-diverse party in each case, Plaintiff will be required to file a motion to remand in either or both cases, as applicable, if Plaintiff believes he has a reasonable likelihood of recovery against Boudreaux and/or Milton,[32] or an amended

---

[27] No. 23-202, R. Doc. 1, ¶ 20.
[28] No. 23-202, R. Doc. 1-1, ¶¶ 4, 7, 9 (emphasis added). As MNS notes, the Petition also states that the agreement provides that Mastec would pay Plaintiff's damages. No. 23-202, R. Doc. 1, p. 4, ¶ 19 and n. 10 and *see* R. Doc. 1-1, p. 2, ¶ 8 and R. Doc. 1-1, p. 4.
[29] No. 23-284, R. Doc. 1-2, ¶ 1(3) and R. Doc. 1, ¶¶ 3, 15.
[30] No. 23-284, R. Doc. 1, ¶ 4, citing La. C.C. Art. 3016 and *Haskins v. Clary*, 346 So. 2d 193 (La. 1977).
[31] No. 23-284, R. Doc. 1-2, ¶¶ 4, 6-8.
[32] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) ("To establish that a non-diverse defendant has been [improperly] joined to defeat diversity jurisdiction, the removing party must prove ... that there is absolutely no

complaint(s) deleting all claims against Boudreaux and/or Milton in each respective case, as applicable, if Plaintiff agrees that Boudreaux and/or Milton are improperly joined.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the proper parties are completely diverse.[33]

Accordingly,

**IT IS ORDERED** that, on or before **May 16, 2023,** MasTec Network Solutions, LLC shall file a motion for leave to file an amended Notice of Removal in the lead case that adequately alleges the citizenship of the currently named defendant MasTec, Inc.

**IN THE ALTERNATIVE, IT IS ORDERED** that, on or before **May 16, 2023,** Plaintiff shall file a motion for leave to file an Amended Complaint to substitute MasTec Network Solutions, LLC for MasTec, Inc. in Civil Action No. 23-202, if Plaintiff Robert Talley agrees that MasTec Network Solutions, LLC is the correct defendant.

**IT IS FURTHER ORDERED** that, **on or before May 16, 2023**, Plaintiff Robert Talley shall address the argument that Defendants Rene P. Boudreaux, III and Kevin Milton were improperly joined by filing either: (1) a motion to remand, referencing either the applicable case or both cases, if Plaintiff believes that he has a reasonable likelihood of recovery against Rene P. Boudreaux, III and/or Kevin Milton, or (2) a motion for leave to file an Amended Complaint, referencing the applicable case or both cases, which contains all of Plaintiff's allegations, as revised, supplemented, and/or amended, and that deletes all claims against Rene P. Boudreaux, III and/or Kevin Milton, if Plaintiff agrees that Boudreaux and/or Milton are improperly joined.

---

possibility that the plaintiff will be able to establish a cause of action against the [in-state] defendant."). *See also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant.").

[33] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS FURTHER ORDERED** that, considering the Order of Consolidation, the Notice and Order issued on March 22, 2023 in Civil Action No. 23-202[34] is **VACATED**. This Notice and Order governs. Plaintiff did not timely comply with the March 22, 2023 Notice and Order and is advised that failure to timely comply with Court Orders may result in sanctions.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 3, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] R. Doc. 7.

8