## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ROBERT TALLEY**                                          **CIVIL ACTION NO.**

**VERSUS**

**MASTEC, INC., ET AL.**                           **23-202- SDD-EWD**

### RULING AND ORDER

Before the Court is the Plaintiff/Complainant's Memorandum In Support of Motion for Leave to File Second Supplemental and Amending Complaint, and Plaintiff's Objections and Opposition to Mastec's Motion to Set Status Conference and to Continue Deadline for Plaintiff to Amend Complaint Herein ("Memorandum in Support"),[1] and the Motion for Leave to Amend ("Motion for Leave"),[2] both filed by Plaintiff Robert Talley.  The re-urged[3] Memorandum in Support will be stricken from the record for failure to comply with Local Civil Rule 7(f).[4]  While motions for leave to amend do not require a supporting memorandum per Local Civil Rule 7(e), despite its title, Plaintiff's re-urged Memorandum Support is a response to Defendants' Opposition to Plaintiff's Motion for Leave and Motion to Set Status Conference with Magistrate [Judge] ("Defendant's Opposition Memorandum") and is, therefore, more properly characterized as a reply memorandum. As such, Plaintiff was required to obtain leave of Court to file the document, which he did not do.  Should Plaintiff wish to respond to any opposition memoranda in the future, he must seek leave to do so as required by the Court's Local Civil Rules.

---

[1] R. Doc. 47.
[2] R. Doc. 37.
[3] On September 5, 2023, Plaintiff filed a Memorandum in support of Motion for Leave to File his proposed second supplemental and amending complaint and moved to strike it, which was granted by the Court. R. Docs. 39, 44, 46.
[4] R. Doc. 47 and *see* LR 7(f): "Reply memoranda may be filed without leave of Court in Rule 12 and Rule 56 motions only… Leave of court must be obtained to file reply and surreply memoranda in all other motions not listed."

The Motion for Leave to File a Second Supplemental and Amending Complaint,[5] filed by

Plaintiff, will be denied without prejudice.  Although Plaintiff claims the Motion for Leave was

filed "in conformity with the instructions of the Court,"[6] it fails to comply with the Court's orders.

Plaintiff was ordered to file a motion for leave to amend attaching a proposed comprehensive

amended complaint which properly identifies the citizenship of proposed defendant **Mastec**

**Network Solutions, LLC** ("MNS"), so that the Court can determine if the parties (aside from the

defendants allegedly improperly joined) are completely diverse.[7] Because the proposed Second

Supplemental and Amending Complaint is deficient, as was the last one filed by Plaintiff's prior

counsel,[8] the Court is not "legally and constitutionally required to grant Plaintiff's Motion for

Leave to amend his complaint under the Federal Rules of Civil Procedure," as Plaintiff alleges.[9]

Plaintiff's proposed Second Supplemental and Amending Complaint states MNS's citizenship as

follows: "MasTec Network Solutions, LLC (hereinafter MasTec"), a foreign corporation

domiciled in Florida and authorized to do and doing business in the State of Louisiana."[10] The

citizenship of a limited liability company is determined by that of all its members.[11] Each member

of the LLC must be specifically identified, and citizenship alleged as to each.[12]  Any re-urged

---

[5] R. Doc. 37.

[6] R. Doc. 47, pp. 1-2.

[7] R. Doc. 27 and s*ee* R. Doc. 12, where this issue was also addressed, and for the citizenship of the other parties. If MNS is not diverse from Plaintiff, then the issue of the alleged improper joinder of Defendants Rene Boudreaux, III and Kevin Milton need not be reached. While the Court noted the apparent lack of jurisdiction due to the alleged improper joinder of Louisiana citizens Boudreaux and Milton in prior orders, the citizenship of MNS must still be adequately pleaded.  *See* R. Docs. 7, 12.  The suit was originally removed by "Mastec Network Solutions, LLC," which was not a named defendant.  Accordingly, the parties were ordered to confer to determine if this was, in fact, the party that Plaintiff intended to name.  While the burden to adequately allege citizenship would normally be on the removing defendant as the party seeking to have this Court assert subject matter jurisdiction, because Plaintiff has indicated he agrees that MNS is the proper party defendant (R. Doc. 37-1, p. 2, n.1), he must adequately allege MNS's citizenship in any proposed amended complaint.

[8] R. Doc. 15-2. The deficiencies were discussed with Plaintiff's prior counsel during a telephone conference and addressed in the minutes of the conference. R. Doc. 27.

[9] R. Doc. 47, p. 3.

[10] R. Doc. 37-1, ¶ 4.

[11] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[12] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018).

motion for leave shall be filed by no later than September 19, 2023.  If leave to file an amended complaint is ultimately granted, Plaintiff will have seven days from the order granting such leave to re-urge any motion to remand for lack of subject matter jurisdiction.

Plaintiff has not only failed to comply with the Court's order to adequately allege the citizenship of MNS, but he also incorrectly suggests that a motion to remand is pending.[13] Furthermore, both the order to allege MNS's citizenship and the disposition of the motion to remand (*i.e.*, terminated without prejudice to re-urging)[14] are clear from the record.  What is not clear is whether newly enrolled counsel for Plaintiff has sufficiently familiarized himself with the record of this matter, much of which was developed before he enrolled in the case.  Accordingly, by no later than **September 19, 2023**, Michael J. Montalbano, III shall fully review the entirety of the record in this suit and shall file a certificate of compliance, confirming review of the record in conformance with his ethical obligations.

Also before the Court is the Joint Notice of Inspection of the Plaintiff's premises at 10820 Rosebud Court, Baton Rouge, Louisiana, 70309 set for September 14, 2023 at noon.[15]  Plaintiff opposes the inspection via his combined Opposition and Objections to Defendants' Joint Notice of Inspection and Request and Motion for Protective Order.[16]  Plaintiff contends that discovery cannot proceed until subject matter jurisdiction is determined.[17]  As subject matter jurisdiction is currently unclear, and as Plaintiff has chosen not to participate in efforts to resolve his claims while this case is in its early stages, all discovery in this matter is stayed on the Court's own motion

---

[13] R. Doc. 47, p. 2 ("As a reminder to the parties and the Court, this is a civil matter instituted by the Plaintiff in state court, which was ostensibly removed to this court by the defendants on the basis of diversity jurisdiction, which has been formally objected to and opposed by Plaintiff's Motion to Remand filed pursuant to 28 U.S.C. 1447. (Rec. Doc. 14).").
[14] R. Doc. 27.
[15] R. Doc. 45.
[16] R. Doc. 48.
[17] R. Doc. 48, p. 2.

pending resolution of subject matter jurisdiction.[18] As this Ruling and Order resolves all pending

issues, the September 13, 2023 telephone conference will be canceled.[19]

Accordingly,

**IT IS ORDERED** that the Memorandum in Support of Motion for Leave to File Second

Supplemental and Amending Complaint[20] filed by Plaintiff Robert Talley, is **STRICKEN** from

the record for failure to comply with Local Civil Rule 7(f).

**IT IS FURTHER ORDERED** that the Motion for Leave to File a Second Supplemental

and Amending Complaint,[21] filed by Plaintiff Robert Talley, is **DENIED WITHOUT**

**PREJUDICE** to re-filing because the proposed amended complaint fails to adequately allege the

citizenship of proposed Defendant Mastec Network Solutions, LLC.  Any re-urged motion for

leave must be filed by no later than **September 19, 2023.**  To avoid confusion, any proposed

amended complaint shall be comprehensive.

**IT IS FURTHER ORDERED** that Plaintiff shall file any reurged motion to remand based

on lack of subject matter jurisdiction no later than seven (7) days from entry of an order granting

leave to file the amended complaint.

**IT IS FURTHER ORDERED** that, by no later than **September 19, 2023,** Plaintiff's

counsel, Michael J. Montelbano, III, shall file a certificate of compliance, confirming that he has

fully reviewed the record in this case in conformance with his ethical obligations.

**IT IS FURTHER ORDERED** that, because subject matter jurisdiction is currently

unclear and because Plaintiff objects to discovery to assess early case resolution, all discovery in

---

[18] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  *See also Summers v. Louisiana*, Nos. 20-21/20-289/20-386/20-580, 2021 WL 4714642, at *1 (M.D. La. Oct. 8, 2021) (staying discovery pending resolution of subject matter jurisdiction).
[19] R. Doc. 41.
[20] R. Doc. 47.
[21] R. Doc. 37.

this matter is **STAYED** on the Court's own motion pending resolution of subject matter jurisdiction.[22]

　　　**IT IS FURTHER ORDERED** that the September 13, 2023 telephone conference is **CANCELED**, as all issues to be discussed are resolved in this Ruling and Order.[23]

　　　Signed in Baton Rouge, Louisiana, September 12, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] This includes the property inspection scheduled for September 14, 2023.  R. Doc. 45.
[23] R. Doc. 41.